972 F.2d 355
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES OF AMERICA, Appellee,
v.
Donald Ray PHILLIPS, Appellant.
 No. 92-1173.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: August 5, 1992.
Filed: August 12, 1992.
 
 Before McMILLIAN, BOWMAN and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Donald Ray Phillips appeals the ten-month sentence imposed by the District Court[1] for the Eastern District of Missouri upon his guilty plea to two counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). We affirm.
 
 
 2
 Phillips pleaded guilty to an indictment charging him with selling a Winchester .22 caliber semi-automatic rifle and a Chinese-made "SKS" rifle to an agent of the Bureau of Alcohol, Tobacco and Firearms on December 19, 1990, and January 10, 1991, respectively. The indictment stated that Phillips had been convicted of burglary in 1982. The presentence report (PSR) indicates that Phillips was under investigation for dealing in stolen property, and that, after Phillips sold the guns to the agent, authorities sold Phillips items they represented as stolen.
 
 
 3
 At the sentencing hearing, Phillips asserted that the guns were used solely for sporting purposes and, therefore, that his base offense level should have been reduced from twelve to six under U.S.S.G. § 2K2.1(b)(2). He presented three witnesses. Glen Weathers, a lifelong friend, testified that he had gone hunting with Phillips ten to fifteen times. Weathers also stated that hunters frequently sell and swap their guns. On cross-examination he admitted he had been hunting with Phillips only three times since 1982. Appellant's brother, Paul Phillips, testified that he had been hunting with appellant "maybe" 2 to 3 times since 1982, but then stated he had not hunted with him since April 19, 1982. He also testified that it is common for hunters to sell and trade their guns. Tom Hinton, an investigator, testified that he obtained a copy of a Missouri deer hunting license issued to appellant for the year 1990. The district court found that Phillips had failed to prove he used the guns solely for sporting purposes. Phillips appeals that finding.
 
 
 4
 Phillips had the burden of proving that the guns were used solely for lawful sporting purposes or collection. See United States v. Dinges, 917 F.2d 1133, 1135 (8th Cir. 1990). A district court's finding regarding a defendant's use of a gun may be reversed only if it is clearly erroneous. Id.
 
 
 5
 Phillips's citation of United States v. Napoli, 954 F.2d 482 (8th Cir. 1992), is unpersuasive. In that case, the defendant introduced evidence of the use of the particular gun he was charged with possessing. Id. at 483 (defendant testified he believed gun was collector's item and planned to display it at parents' firearms museum). This court concluded that the district court, in crediting the defendant's testimony and finding that he possessed the gun solely for collection purposes, had not clearly erred. Id. at 484. Nor in this case can we say the district court clearly erred. Although Phillips offered evidence at the sentencing hearing that he was a hunter and that hunters frequently sell their guns, he presented no evidence that hunting was his sole use of these particular guns.
 
 
 6
 Accordingly, we affirm the order of the district court.
 
 
 
 [1]
 The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri